Office of the Attorney General — State of Texas John Cornyn Bruce Levy, M.D., J.D. Executive Director Texas State Board of Medical Examiners P.O. Box 2018 Austin, Texas 78768-2018
Re: Whether a therapeutic optometrist may perform certain procedures; request for reconsideration of Attorney General Opinion DM-425 (1996) (RQ-0025)
Dear Dr. Levy:
You ask us to reconsider the conclusion reached by this office in Attorney General Opinion DM-425 (1996). In that opinion, the Texas Department of Health listed eleven procedures and asked whether the procedures could be performed by a therapeutic optometrist. As you know, the Texas Optometry Act forbids a therapeutic optometrist to perform surgery. See Act of May 20, 1999, 76th Leg., R.S., H.B. 1051, § 1 (to be codified at Tex. Rev. Civ. Stat. Ann. art. 4552-1.02(7)). Since the term "surgery" was not defined by the Optometry Act at the time the opinion was issued, the opinion relied on the ordinary definition of surgery to conclude that a therapeutic optometrist could perform a listed procedure if the procedure was not a "cutting operation." The opinion concluded further that whether any of the procedures involved a cutting operation was a question of fact.
This year the Seventy-sixth Legislature amended the Texas Optometry Act to include a definition of "surgery:"
 "Surgery" means any procedure using instruments, including, lasers, scalpels, or needles, in which human tissue is cut, burned, vaporized, or otherwise altered by any mechanical means, laser, or ionizing radiation. The term includes procedures using instruments that require closure by suturing, clamping, or another device. The term does not include a noninvasive procedure to remove a superficial foreign body in the conjunctiva, eyelid, or corneal epithelium that has not perforated the Bowman's membrane.
Act of May 20, 1999, 76th Leg., R.S., H.B. 1051, § 1 (to be codified at Tex. Rev. Civ. Stat. Ann. art. 4552-1.02(11)).
When a term is clearly defined by an applicable statute, we need not look to the ordinary definition of the term or any other definition. Because the Optometry Act now defines "surgery," the statutory definition controls for purposes of determining what procedures constitute "surgery." Attorney General Opinion DM-425 is therefore superseded by statute to the extent it defines "surgery" according to the term's ordinary meaning. Whether any of the eleven procedures listed in the original opinion request is "surgery" under the statutory definition remains a question of fact.
 SUMMARY
The Texas Optometry Act, Texas Revised Civil Statutes article 4552-1.02, forbids a therapeutic optometrist to perform surgery. As amended by the Seventy-sixth Legislature, the Act expressly defines "surgery." Attorney General Opinion DM-425 (1996) defined "surgery" under the Act according to the term's ordinary meaning. To the extent it defined "surgery" according to the term's ordinary meaning, Attorney General Opinion DM-425
is superseded by statute.
Yours very truly,
 JOHN CORNYN Attorney General of Texas
 ANDY TAYLOR First Assistant Attorney General
 CLARK KENT ERVIN Deputy Attorney General — General Counsel
 ELIZABETH ROBINSON Chair, Opinion Committee
 Barbara Griffin Assistant Attorney General — Opinion Committee